IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CASEY J. STEWART, on behalf of himself and classes of those similarly situated, | ) ) ) | 2:10-cv-00481-GEB-DAD |
| | ) | |
| Plaintiff, | ) ) | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE |
| v. | ) ) | FIRST AMENDED COMPLAINT* |
| JOS. A. BANK CLOTHIERS, INC., a Delaware Corporation, its subsidiaries, and DOES 1 through 100, INCLUSIVE, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On August 19, 2010, Plaintiff filed a motion under Federal Rule of Civil Procedure 15(a)(2), in which he seeks leave to file a first amended complaint to add a claim under Title VII of the Civil Rights act of 1964, 42 U.S.C. section 2000e et seq. ("Title VII"), against Defendant JOS. A. Bank Clothiers, Inc. ("Defendant"). (Docket No. 34.) Defendant opposes the motion.

**I. Background**

Plaintiff, a former employee of Defendant, alleges he was denied promotional opportunities with Defendant on account of his African-American race. (Pl.'s Compl. ¶ 11.) On August 28, 2009,

---

* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

Plaintiff filed discrimination claims with both the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH"). (Pl.'s Compl. Exs. A, B.)  The EEOC sent Plaintiff a "Notice of Right to Sue" letter dated October 25, 2009, in which Plaintiff was informed that his "lawsuit under Title VII . . . must be filed in federal or state court WITHIN 90 DAYS" of his receipt of the notice. Id. Ex. A (emphasis in original).

Plaintiff filed the instant lawsuit against Defendant in federal district court on November 12, 2009.[1] Plaintiff alleges two claims in his Complaint: 1) violation of 42 U.S.C. section 1981 ("section 1981"), and 2) violation of the California Fair Employment and Housing Act, California Government Code section 12940, et seq. ("CFEH claim"). (Pl.'s Compl. ¶¶ 26-32.)

## II. Discussion

Under Federal Rule of Civil Procedure 15(a)(2) ("Rule 15(a)(2)"), "a party may amend its pleading only with the opposing party's written consent *or the court's leave*. Fed. R. Civ. P. 15(a)(2) (emphasis added). Rule 15(a)(2) prescribes that "[t]he court should freely give leave when justice so requires." Id. "This [leave] policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citations omitted). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citing

---

[1]    This action originally was brought in the Northern District of California. It was transferred to this district in February of 2010. (Docket No. 26.)

1  United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). "Delay alone
2  is insufficient to justify denial of leave to amend; the party opposing
3  amendment must also show that the amendment sought is futile, in bad
4  faith or will cause undue prejudice to the opposing party." Jones v.
5  Bates, 127 F.3d 839, 847 n.8 (9th Cir. 1997).

6       Defendant argues leave to amend should be denied because
7  Plaintiff unduly delayed in seeking the amendment, since he could have
8  sought an amendment at least ten months earlier in this case. "Relevant
9  to evaluating the delay issue is whether the moving party knew or should
10 have known the facts and theories raised by the amendment in the
11 original pleading." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th
12 Cir. 1990).

13      Plaintiff does not explain why he has delayed approximately
14 ten months in filing his motion for the amendment.  Therefore, his delay
15 "is . . . inexplicable and unjustified." Id.  However, since the
16 parties' joint status report indicated they have only conducted minimal
17 discovery, the delay factor does not weigh heavily against Plaintiff's
18 motion.

19      Defendant also argues that Plaintiff's undue delay is itself
20 evidence of bad faith. Although Plaintiff's delay is unexplained,
21 Defendant has not shown that Plaintiff's delay in seeking the amendment
22 constitutes bad faith.

23      Further, Defendant argues it will suffer prejudice if the
24 Title VII claim is added. Specifically, Defendant argues that a
25 disparate impact liability theory under Title VII will require Defendant
26 to research and develop new legal defenses almost a year after Plaintiff
27 first commenced this litigation. However, Defendant has not shown it
28

will be prejudiced in light of the parties' indication in their Joint Status Report that this case is in an early litigation stage.

Lastly, Defendant argues the motion should be denied because amendment would be futile. Specifically, Defendant argues the Title VII claim is time-barred because Plaintiff seeks to add the claim approximately ten months after he received his Right to Sue letter, which is well beyond the ninety-day time limit prescribed in that letter. Plaintiff failed to respond to this argument. However, since Defendant has not discussed whether the claim could relate back to the filing of the original pleading, Defendant has not sustained its burden of showing that amendment would be futile.

On balance, the factors weigh in favor of granting Plaintiff's motion. Therefore, Plaintiff is granted leave to amend his Complaint to add a claim under Title VII, provided that his amended complaint is filed within ten days of the date on which this order is filed.

Dated:  October 12, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge